IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| KEITH WALKER, | ) |
| | ) Case No. 21 C 4231 |
| Plaintiff, | ) |
| | ) District Judge John F. Kness |
| v. | ) |
| | ) Magistrate Judge Gabriel A. Fuentes |
| ADMINISTRATOR OF THE ESTATE OF | ) |
| FORMER CHICAGO POLICE | ) |
| DEPARTMENT COMMANDER | ) |
| JON BURGE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S (CORRECTED) OPPOSED MOTION TO VOLUNTARILY DISMISS**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Keith Walker, by and through his attorneys, respectfully moves as follows:

1. Plaintiff hereby respectfully moves this Court for an order voluntarily dismissing without prejudice all of his claims in this action against all of the Defendants. If Plaintiff does not refile his claims against Defendants (in state or federal court) within 12 months of entry of the order dismissing without prejudice, then the dismissal would convert to a dismissal with prejudice.

2. Dismissal of a plaintiff's complaint without prejudice under Rule 41(a)(2) is within the district court's sound discretion. A district court abuses its discretion by dismissing a case without prejudice only if the dismissal would cause the defendant to "suffer 'plain legal prejudice.'" *Madison St. Properties, LLC v. Marcus Corp.,* No. 3:20-CV-50471, 2022 WL 16553182, at *2 (N.D. Ill. Oct. 31, 2022) citing *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994).

3.      When deciding whether to grant a Rule 41(a)(2) motion to dismiss, courts consider a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. Not each and every factor need be resolved in favor of the moving party however before dismissal is appropriate; the factors are merely a guide for the courts. *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980; *Ripper v. Leisure Properties, LLC,* No. 18-CV-1719-SMY-RJD, 2019 WL 2422356, at *2 (S.D. Ill. June 10, 2019).

4.      Here, Plaintiff asks this Court to dismiss his case without prejudice before the majority of party depositions have occurred, in advance of the close of fact discovery, and prior to any motions for summary judgment having been filed.

5.      Defendants have indicated that they oppose this motion.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) dismissing all of his claims against all of the Defendants without prejudice, (2) with each party to bear their own costs, and (3) providing that if Plaintiff does not refile his claims against Defendants within 12 months, then the dismissal shall be converted to a dismissal with prejudice.

Dated: October 5, 2023                                  Respectfully Submitted,

**Keith Walker**

By: /s/ *Sean Starr*
*One of Plaintiff's Attorneys*

                                            Arthur Loevy
                                            Jon Loevy
                                            Steve Art
                                            Sean Starr
                                            Isabella Aguilar
                                            Quinn Rallins
                                            LOEVY & LOEVY
                                            311 N. Aberdeen, 3rd Floor
                                            Chicago, IL 60607
                                            (312) 243-5900
                                            sean@loevy.com

## **CERTIFICATE OF SERVICE**

     I, Sean Starr, an attorney, certify that on October 5, 2023, I filed the foregoing PLAINTIFF'S (CORRECTED) OPPOSED MOTION TO VOLUNTARILY DISMISS using the Court's CM/ECF system, which effected service on all counsel of record.

                                            /s/ Sean Starr
                                            *One of Plaintiff's Attorneys*