**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH WALKER, | ) | |
| | ) | Case No. 21 C 4231 |
| Plaintiff, | ) | |
| | ) | District Judge John F. Kness |
| v. | ) | |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| ADMINISTRATOR OF THE ESTATE OF | ) | |
| FORMER CHICAGO POLICE CMDR. | ) | |
| BURGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

With Plaintiff Keith Walker's contested (and "corrected") motion for Rule 41 voluntary dismissal without prejudice ("Motion to Dismiss"; D.E. 241) pending in the district court, and with fact discovery set to close in this matter on November 6, 2023 (D.E. 223), the magistrate judge held a status hearing today to allow the parties to state their views on what if any further fact discovery should occur during the pendency of the Motion to Dismiss. Currently, the Motion to Dismiss is set to be briefed fully in the district court as of November 3, 2023, with a motion hearing set in the district court for November 15. (D.E. 248, 250.) After hearing the parties' views during the status today, the magistrate judge *sua sponte* is partially staying discovery as set forth below.

The parties clarified at the status hearing that the Motion to Dismiss is contested insofar as Plaintiff seeks a dismissal without prejudice and with leave to refile within a year, and Defendants plan to ask the district court to dismiss the case with prejudice. The magistrate judge's initial take on discovery in the meantime was that with a district court hearing already set for November 15 on the Motion to Dismiss, a brief stay of all discovery

1

would conserve party and judicial resources until the district court sorts out whether this matter will continue to be litigated in the short term or at all.

Defendants, though, persuaded the Court against a blanket stay. Defendants argued that they view the deposition of witness Marcus Bell as critical to their defense of the action, and they complained that notwithstanding the Court's July 7, 2023 order (D.E. 223) granting their motion for leave to depose Bell in the custody of the Illinois Department of Corrections, they have been unable to schedule the deposition. Defendants articulated a concern the magistrate judge considered valid: If the Motion to Dismiss is granted without prejudice, a proverbial sword of Damocles hangs over Defendants' head for up to a year. *See* Geoffrey Chaucer, *The Canterbury Tales,* "The Knight's Tale" (l. 2026-2030) (ca. 1385), reprinted in Mortimer Adler, Great Books of the Western World, Vol. 22 at 193 (Encyclopaedia Britannica 1952) ("And over all, depicted in a tower, [s]at Conquest, high in honour and power, [y]et with a sharp sword hanging o'er his head [b]ut by the tenuous twisting of a thread.") In that interim period, Defendants say that if they do not depose Bell soon, they risk never being able to depose him, as much can happen in a year to affect his availability or perhaps his recollection. In the event he is released from custody, Defendants worry that they might not be able to find him and secure his appearance for a deposition. The Court does not weigh in on how likely such developments might be, but we pay heed to Defendants' concerns that they will be prejudiced if the case should spring to life again after their opportunity to depose Bell in custody has slipped away. In addition, Defendants wish to pursue third-party document discovery from IDOC, in the form of a subpoena directed at Bell's electronic communications with others such as Plaintiff or his intermediaries outside of IDOC. The Court asked Defendants whether they believe they

need the foregoing Bell-related discovery in connection with their litigation of the Motion to Dismiss. Although Defendants did not foreclose the possibility of their use of such discovery in connection with their efforts to persuade the district court to dismiss this action with prejudice, Defendants explicitly stated that they do not "need" the Bell-related discovery for the litigation of the Motion to Dismiss. Nonetheless, Defendants' concerns about the possibility of their being prejudiced if they lose the opportunity to depose Bell outweighed the Court's concerns about judicial economy and persuaded the magistrate judge that at least the Bell deposition and the IDOC document subpoena for Bell's nonprivileged and relevant communications (or, at least the efforts to obtain this discovery) should be permitted and should proceed during the pendency of the Motion to Dismiss.

For Plaintiff's part, counsel argued that Plaintiff believes his Motion to Dismiss will be granted so that no discovery need be taken during the pendency of the motion. Yet Plaintiff also noted that if Defendants are allowed the Bell-related discovery described above, Plaintiff may have Bell-related discovery that Plaintiff might wish to obtain. The Court concluded that fairness here demands a level of reciprocity in what discovery is permitted during district court consideration of the Motion to Dismiss. Accordingly, Plaintiff may conduct discovery as well on the issues arising from Bell's role in the case, his deposition, and the documents Defendants say they will seek from IDOC. Motion practice by any party on those issues is not precluded, but the parties are ordered to confer on those issues per Rule 26(f) by the close of business on October 18, 2023.

Accordingly, the Court is partially staying discovery in this matter on the Court's own its own motion, and within the broad discretion of magistrate judges in the supervision and management of civil discovery to promote the just, speedy and inexpensive

determination of the matter. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 1. The November 6, 2023 fact discovery cutoff is suspended. All discovery is stayed pending the resolution of the Motion to Dismiss, except for the Bell-related discovery described above, by Defendants and Plaintiff. A Rule 26(f) report on the parties' conferral is due by noon on October 20, 2023.

At some point, discovery will close in this matter, as all good things must come to an end. *See* Geoffrey Chaucer, *Troilus and Criseyde*, Book III, Verse 88 (ca. 1380), reprinted in Mortimer Adler, *Great Books of the Western World*, Vol. 22 at 66 (Encyclopaedia Britannica 1952) ("But at the laste, as every thing hath ende, She took hir leve, and nedes wolde wende.") But we have not yet reached that point.

**SO ORDERED.**

**ENTER:**

_____
**GABRIEL A. FUENTES**
**U.S. Magistrate Judge**

**Dated: October 11, 2023**

4