**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Keith Walker, | ) |
| Plaintiff, | ) ) ) Case No. 1:21-cv-004231 |
| | ) |
| v. | ) |
| | ) Honorable John F. Kness |
| Administrator of the Estate of Former Chicago Police Department Commander Jon Burge, *et al.*, | ) ) Magistrate Judge Gabriel A. Fuentes ) |
| Defendants. | ) |

**DEFENDANTS' JOINT POSITION STATEMENT IN ANTICIPATION OF THE HEARING REGARDING LOEVY & LOEVY'S MOTION TO WITHDRAW AS COUNSEL**

Defendants, Daniel McWeeny, John Halloran, Anthony Maslanka, William Moser, Louis Caesar, Thomas Brankin, Robert Lane, John Smith, David Golubiak, John Griffin, John Byrne, Doris Byrd, Nicholas Ford and Michelle McDowell Simmons, Douglas Stalley as Personal Representative for the Estate of Jon Burge, Susan McCann as Special Representative for the Estate of John McCann, Geri Lynn Yanow as Special Representative for the Estate of Nick Crescenzo and the Estate of Craig Cegielski, Anthony Schumann as Special Representative of Defendant Leroy Martin, and the City of Chicago ("Defendants"), by their respective undersigned counsel, set forth the following with respect to Loevy & Loevy's Motion to Withdraw as Counsel for Plaintiff ("Motion to Withdraw") in advance of the October 26, 2023 hearing.

1. The Court should order plaintiff, Keith Walker, to be present at the October 26, 2023 hearing on his counsel's Motion to Withdraw. Counsel represents that Walker does not oppose the Motion to Withdraw (dkt. 253, ¶ 6). However, based upon previous filings and prior representations made by counsel, including the inconsistent positions taken in the Motion to Voluntarily Dismiss Without Prejudice (dkt. 241) and Motion to Withdraw (dkt. 253), Walker's

presence should be required to identify for this Court whether indeed he agrees with Loevy and Loevy withdrawing from his case, to state before this Court whether he wishes to withdraw the Motion to Voluntarily Dismiss, and, most critically, to be apprised of the discovery that has been ordered to proceed relative to witness Marcus Bell.

2. At Monday's emergency hearing before Magistrate Judge Fuentes on Defendants' motion to allow certain discovery to proceed and for a preservation order, an attorney of record from Loevy and Loevy represented to Judge Fuentes that he and attorneys from the firm could no longer speak on Mr. Walker's behalf. Mr. Walker's presence is therefore required to address several issues represented by counsel and in various pleadings, for which they can no longer speak for him due to their pending motion. Mr. Walker's presence is also necessary because the likely outcome of the hearing – attorneys from Loevy and Loevy will be allowed to withdraw their appearances – will leave the Court and the parties without timely knowledge of whether Mr. Walker has retained new counsel or will proceed without counsel. Mr. Walker must also be apprised of the status of the litigation and pending discovery. This is especially imperative as to Mr. Bell's deposition, for which Defendants have been given leave to submit a writ and is scheduled to proceed on November 13, 2023 (subject to Judge Fuentes's approval). (Dkt. 259 at 3.) Defendants may be irreparably prejudiced by the loss of critical evidence to their defense if Bell's deposition is delayed, as his release from prison is expected in December 2023.[1] The Motion to Withdraw states that Walker should have received notice of this hearing date and therefore Plaintiff's counsel should also be able to inform him that the Court has required him to appear in person. (*See* Dkt. 253, ¶ 8).

---

[1] These matters are more fully set forth in Defendants' Joint Response in Opposition to Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (currently filed as Ex. A, to Defendants' unopposed motion to file an oversized brief, Dkt. 256, 256-1) and Judge Fuentes' recent discovery orders (Dkts. 252 and 259) and the related status reports (Dkt. 247 and 255).

3.   Prior to counsel's Motion to Withdraw, Walker filed a Motion to Voluntarily Dismiss Without Prejudice on October 5, 2023 (Dkt. 241).  Before filing that motion, Walker's counsel, Jon Loevy, sought agreement to a stipulation to dismiss without prejudice and represented to the undersigned that Walker could no longer continue with the litigation due to unspecified mental health reasons.  When Defendants responded that at this stage of the litigation, with no prior indication of any such health issue, and in light of recently uncovered evidence of Mr. Walker's conduct relative to witness Bell, a dismissal with prejudice was all they would agree to. Mr. Loevy responded that if Defendants would not agree to his terms, and the Court were inclined to dismiss this matter with prejudice, he would withdraw the motion and proceed with the litigation.  Walker then filed his Opposed Motion to Voluntarily Dismiss Without Prejudice on October 6, 2023;  the motion made **no** representation at all as to the basis he sought dismissal two years after this case was filed. (*See* Dkt. 241).

4.   At a discovery hearing on October 11, 2023, Judge Fuentes ordered that Bell-related discovery could proceed while the Motion to Dismiss was pending.  (*See* Dkt. 252.)  Nine days later, the Motion to Withdraw was filed, in which counsel represents that they have "learned of facts that they believe prevent them from" continuing to represent Mr. Walker.  (Dkt. 253, ¶ 3). The Motion to Withdraw does not specify whether an actual conflict has arisen that prevents them from representing Mr. Walker, or what facts preclude their representation. (*See* Dkt. 253).

5.   In addition to the vague representation as to the basis to withdraw, counsel's Motion to Withdraw also represents to this Court that Mr. Walker "no longer wishes to dismiss the case." (Dkt. 253, ¶ 2). However, no formal step has been taken to withdraw that motion.

6.   For all these reasons, Mr. Walker's presence, either in person or, at a minimum remotely should be ordered.

Date: October 25, 2023

Respectfully submitted,

/s/ Daniel Noland
**Special Assistant Corporation Counsel for the City of Chicago and Anthony Schumann as Special Representative of Defendant Leroy Martin**

Terrence Burns
Daniel Noland
Paul Michalik
Reiter Burns, LLP
311 S. Wacker Dr. Suite 5200
Chicago, IL 60606
(312) 982-0090
dnoland@reiterburns.com

**Defendants Nicholas Ford and Michelle McDowell Simmons**
By: James M. Lydon

James M. Lydon
Michael F. Iasparro
Michael C. Stephenson
Hinshaw & Culbertson, LLP
151 N. LaSalle St., Ste. 2500
Chicago, Illinois 60606
(312) 704-3000
jlydon@hinshawlaw.com

/s/ Stacy A. Benjamin
**Special Assistant Corporation Counsel for Daniel McWeeny, John Halloran, Anthony Maslanka, William Moser, Louis Caesar, Thomas Brankin, Robert Lane, John Smith, David Golubiak, John Griffin, and John Byrne, together with Douglas Stalley as Personal Representative for the Estate of Jon Burge, Susan McCann as Special Representative for the Estate of John McCann, Geri Lynn Yanow as Special Representative for the Estate of Nick Crescenzo and the Estate of Craig Cegielski**

Eileen E. Rosen
Stacy A. Benjamin
Brittany D. Johnson
Jessica Zehner
Rock, Fusco & Connelly, LLC
333 W Wacker Drive, Floor 19
Chicago, Illinois 60606
(312) 494-1000
sbenjamin@rfclaw.com

**Defendant Byrd**
/s/ Brian P. Gainer
**One of the Attorneys for Defendant Byrd**

Brian P. Gainer
Lisa M. McElroy
JOHNSON & BELL, LTD.
33 W. Monroe St., Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
gainerb@jbltd.com

4