## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Keith Walker

                                      Plaintiff,

v.
                                                Case No.:
                                                1:21−cv−04231
                                                Honorable John F.
                                                Kness

Administrator of the Estate of Former Chicago Police
Department Commander Jon Burge, et al.

                                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, November 7, 2023:

      MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' motion to reconsider (doc. #[270]) the Court's earlier 8/7/23 order (doc. #[223]) allowing plaintiff to question witness Bell first is granted on review of the motion and of plaintiff's response (doc. #[274]). For several reasons, the instant motion to reconsider is unlike typical such motions that call no new facts or circumstances to the Court's attention or that amount to an effort to relitigate a decided issue as to which the movant simply sought another bite at the apple in the hope of obtaining the result the movant wanted. Here, the Court's 8/7/23 ruling was made on a record that included plaintiff's assertion that Bell is a crucial third−party witness who was adverse to plaintiff in the criminal case (in that Bell implicated plaintiff), so that plaintiff arguably had a lesser knowledge than defendant about what the testimony would be, and that plaintiff's going first in the questioning would aid in the jury's comprehension of the testimony if and when that testimony might have to be presented to the jury in Bell's absence from the trial. Joint Motion (doc. #[222]) at 2−3. The Court considered it a close call at the time but gave plaintiff the benefit of the doubt at the time, given Bell's previously having implicated plaintiff. But several new circumstances have emerged since then, including most notably the defendants' allegations that Bell and Walker in fact have a close relationship and colluded to falsify evidence presented in State of Illinois "certificate of innocence" proceedings. See Defense Motion for Excess Pages (doc. #[256]). The Court has no idea of the truth or falsity of those allegations, but they now have taken center stage at the 11/13/23 Bell deposition, as defendants are convening that deposition in an effort to obtain discovery on those allegations, which have coincided with plaintiff's earlier counsel's withdrawal from the case, a motion by plaintiff to dismiss the complaint, and plaintiff's later withdrawal of that motion. Under these circumstances, the Court cannot accept plaintiff's argument in his opposition filing (doc. #[274]) that no material changes have occurred since 8/7/23 as to the order of questioning at the Bell deposition. In the Court's substantial discretion to manage discovery, Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), the Court grants the motion to reconsider (doc. #[270]) and orders that defendants shall question Bell first at the deposition. The Court's order (doc. #[271]) for a reply from

defendants on this motion on 11/9/23 is vacated. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.