IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH WALKER,<br>    Plaintiff,<br><br>  v.<br><br>ADMINISTRATOR OF THE ESTATE OF FORMER CHICAGO POLICE DEPARTMENT COMMANDER JON BURGE, *et al.*,<br>    Defendants. | Case No. 21 C 4231<br><br>Judge Sunil R. Harjani<br><br>Magistrate Judge Gabriel A. Fuentes |

**THE PARTIES' JOINT MOTION FOR AN EXTENSION OF TIME OF CERTAIN DISCOVERY DEADLINES**

The Parties, by their respective undersigned counsel, for their Joint Motion for an Extension of Time of Certain Discovery Deadlines, jointly move this Court for an extension of certain discovery deadlines as set forth below, including the close of fact discovery to November 30, 2025, except as set forth below with respect to the deposition of certain individuals. In support thereof, the Parties state as follows:

1. Since this case was filed and discovery began, Plaintiff has been represented by four separate counsels, through no fault of his own. Plaintiff's first counsel, Loevy & Loevy, withdrew in October 2023. Prior to Loevy withdrawing from the case, several depositions that were scheduled in September 2023 were cancelled. Plaintiff's second counsel, Jeannette Samuels, appeared that same month and discovery was postponed to allow her time to obtain and review all the discovery that had been completed to that point. During this time period, Defendants filed a motion regarding deposition priority and completed the first portion of Marcus Bell's deposition, which was adjourned due to scheduling and time constraints of court personnel. Shortly thereafter,

in January 2024, Samuels withdrew from the case and Plaintiff's third counsel, Jarrett Adams, appeared. Discovery was again postponed to allow Mr. Adams time to obtain and review the discovery completed to that point, but Mr. Adams withdrew in February 2024. Discovery was then stayed to allow Plaintiff to secure counsel. Finally, in August 2024, Plaintiff's fourth counsel, Perl & Goodsnyder, Ltd., appeared. Following a brief delay in discovery to allow Plaintiff's newest counsel time to review all the discovery and other materials, discovery began anew in earnest, and since that time the parties have been working diligently to complete all the outstanding fact discovery.

2. To date, the parties have still managed to complete a substantial amount of discovery and have thus far exchanged over 167,000 pages of documents, not including other forms of media production, and completed the depositions of 20 individuals, parties and third parties alike. Unfortunately, however, due to difficulties in serving the remaining witnesses, in part, due to indications of evasion of service; counsels' schedules, including a month-long trial involving Defendants' counsels that settled only weeks before trial was slated to begin in July 2025; and illness and injury of witnesses, parties and counsel, the parties have been unable to complete the depositions of the remaining 12 witnesses (excluding Plaintiff) left to be deposed in this case.

3. In that regard, on September 15, 2025, the Parties filed their joint status report identifying outstanding fact discovery that remains to be completed, including several depositions that the Parties still wish to take as well as providing an update to the Court on Plaintiff's deposition and Rule 35 examination. (Dkt. 425). Among other updates in that status report was that, during the September 13, 2025, deposition of Plaintiff's fiancé, Defendants obtained additional information relating to Plaintiff's mental health providers. Defendants issued an additional

subpoena to that provider on September 15 (including identifying the names of two specific providers' names they had learned). Defendants are also following up with two providers who previously responded to records subpoenas as Plaintiff's fiancé's deposition suggested there may be records the parties do not possess from those providers. In addition, Defendants are waiting on the Plaintiff's execution of an authorization to obtain records from the Social Security Administration, which is necessary before issuing a subpoena for those records.

4. On September 16, 2025, this Court entered an order confirming it did not intend to extend fact discovery beyond the current September 30, 2025 deadline except to allow the Parties to complete Plaintiff's deposition and the Rule 35 examination, but allowed the Parties to file a motion before this Court seeking permission to conduct additional discovery by October 6, 2025 setting forth good cause for the additional depositions being sought. (Dkt. 426.)

5. Following this Court's order, the Parties conferred via telephone and email regarding additional oral discovery to be completed, the Rule 35 examination and Plaintiff's deposition and came to an agreement to seek an extension of fact discovery to permit the parties to take and/or complete the depositions of the remaining 12 witnesses.

6. The parties also agreed to and propose that Plaintiff responds by October 15, 2025, to Defendants' Joint Opposed Motion for a Rule 35 Examination of Plaintiff. Although Plaintiff does not oppose the Rule 35 examination itself, he does object to the suitability of Defendants' retained neuropsychologist, Dr. Kristen Klipfel. Plaintiff intends to file a memorandum in opposition on this issue and requires an additional 21 days, until October 15, to do so.

7. The Court has not set a deadline for Plaintiff's response to Defendants' Rule 35 Motion, and no hearing is presently set on that Motion. However, due to the undersigned counsel's caseload and other work obligations, as well as the necessity of consultation with Plaintiff's mental

health professionals, Plaintiff requests this additional time to respond to Defendants' Rule 35 Motion. As stated above, Defendants do not oppose Plaintiff's request for an extension of time to respond. Defendants request 14 days thereafter to file their reply brief.

8. As to the remaining oral discovery, the chart below identifies the witnesses to be deposed, the date of their deposition if known, as well as a brief description of why their depositions could not be completed by the current September 30, 2025 close of fact discovery.

| Witness | Date of Deposition | Information Regarding this Witness |
|---|---|---|
| Marcus Bell (Plaintiff's Co-Defendant in Underlying Criminal Case) | | The initial deposition of this witness was taken November 22, 2023, prior to his release from IDOC custody but was adjourned due to court staffing issues during the holidays. Since his release from IDOC, Defendants have continuously attempted to serve Mr. Bell with a deposition subpoena and secure his deposition and were unsuccessful until he finally agreed to appear on September 16, 2025. Unfortunately, the day before his scheduled deposition, Bell left a voicemail indicating he could not appear with no explanation. Defendants are diligently attempting to contact him to reschedule this deposition, but given the difficulties in the cooperation of and communication with this witness, Defendants are filing a motion to compel and expect this deposition will occur after the current fact discovery deadline. |
| Thomas Brankin (Defendant Officer) | 10/22/2025 | The initial deposition of Defendant Brankin was scheduled September 18, 2025. However, due to his age and ongoing issues with his physical and mental health, his son, attorney Patrick Brankin, stated his father would be unable to appear on that date and requested that this deposition be adjourned later in October to allow his |

| | | |
|---|---|---|
| | | father time to recover. |
| Doris Byrd (former Defendant Officer) | | Former Defendant Byrd's deposition was originally scheduled to proceed in September following necessitated delays due to serious health issues and lengthy recovery. The parties are currently working to secure a firm date for her acknowledging that accommodations are required due to her health. |
| Jose Hudson (fact witness) | | This witness was first disclosed in January 2025. Most recently, Hudson's deposition was scheduled for September 9, 2025. However, due to difficulties in serving him at his home in St. Paul, MN and indications that he was evading service, Defendants were required to file a motion for alternative service in U.S. District Court for the District of Minnesota in order to secure his attendance, which was unopposed. *See* Group Exhibit 1. That motion is still pending. On September 19, 2025, the court entered an order inviting any party or non-party witness to respond to the motion by September 25, 2025. *Id.* Due to this, Defendants are seeking leave to schedule his deposition after the current close of fact discovery. |
| Laverne Barrow (Damages witness) | 10/16/2025 | The Parties have worked together to coordinate the scheduling of her deposition and have agreed upon the identified date to accommodate this witness's as well as counsel's work and travel schedules. |
| Beatrice Barrow (Damages witness) | | The Parties have worked together to coordinate the scheduling of this witness's deposition and have agreed upon a date after September 30 to accommodate this witness's work schedule (she works 2 jobs and works in a school). This witness resides in Arkansas, so Defendants were also required to serve her with a foreign deposition subpoena and take her deposition via zoom. The parties expect |

| | | |
|---|---|---|
| | | to have a firm date for her deposition in October by September 26, when her October schedule is released by her employers. |
| Theresa Barrow (Damages witness) | | The Parties have worked together to coordinate the scheduling of this witness's deposition and have agreed to a date after September 30 to accommodate this witness's schedule as she is the primary caretaker of her elderly husband. This witness resides in Arkansas, so Defendants were also required to serve her with a foreign deposition subpoena and take her deposition via zoom. |
| Shantera Bell (fact witness) | | This witness is under subpoena but has requested that her deposition proceed only on a Saturday to accommodate her work schedule. Most recently, the Parties offered September 13 to complete her deposition, but Bell failed to appear and has since stopped responding to all contact attempts. Because of this, Defendants are filing a motion to compel and would not be able to complete her deposition prior to the current close of fact discovery. |
| Jerome Craft (fact witness) | | This witness's deposition was scheduled for September 3. Despite Defendants attempts to diligently serve him, they have been unsuccessful. There are further indications of evasion of service. Accordingly, Defendants would be unable to proceed with this deposition until after the current date for close of fact discovery. |
| Lauren Myerscough-Mueller (Plaintiff's postconviction counsel) | | The Defendants have requested that the deposition of Ms. Myerscough-Mueller proceed after the deposition of the Plaintiff, and the Plaintiff has agreed to conduct this deposition after Plaintiff is deposed. In light of the requested briefing on Defendants' Rule 35 Motion, Defendants ask that this deposition be allowed to proceed following Plaintiff's deposition, which |

| | | |
|---|---|---|
| | | may be after the requested November 30, 2025 extension of the close of fact discovery. |
| Larry Wicks (victim's father) | | The first portion of Mr. Wicks' in-person deposition was taken on September 22, 2025. Mr. Wicks is 85 years' old and resides in Arizona, but returns to Illinois from time to time, so the deposition was scheduled on this date while he was in town. On September 21, 2025, counsel for Defendants produced documentation turned over by Mr. Wicks approximately 17 hours ahead of his deposition, that was received for the first time that same day when counsel for Defendants met with Mr. Wicks to serve him with a deposition subpoena. Mr. Wicks' deposition was adjourned, however, after approximately 2 hours and 16 minutes of questioning (with several breaks including to call this Court for a ruling on an objection) prior to completion after it was determined that Plaintiff's counsel had approximately two to three additional hours of questioning that could not be completed prior to Mr. Wicks' scheduled appointments he had to attend. Accordingly, Plaintiff requests that Mr. Wicks' continued deposition be allowed to proceed after the current close of fact discovery, which may also require the Parties travel to Arizona. |
| Brian Smith (fact witness) | | Brian Smith's deposition was scheduled to proceed on September 24, 2025. During Mr. Smith's deposition, however, he refused to answer questions without the presence of counsel. Defendants are filing a motion to compel and would not be able to complete his deposition prior to the current close of fact discovery. |

9.    Overall, the Parties have completed a substantial amount of fact discovery and have been working diligently and cooperatively to continue and complete the outstanding discovery as identified in this Motion. As such, and as explained in more detail above, good cause exists to extend the fact discovery deadline from September 30, 2025, to November 30, 2025, and to permit the deposition of Plaintiff and Lauren Myerscough-Mueller to take place after the extended close of fact discovery, if necessary.

WHEREFORE, the Parties respectfully request that this Court grant Plaintiff a 21-day extension of time, until October 15, 2025, to respond to Defendants' Joint Opposed Motion for a Rule 35 Examination of Plaintiff, grant Defendants until October 29, 2025, to file a reply, and grant the parties' motion to extend the close of fact discovery to November 30, 2025, and a limited extension thereafter, if necessary, for the Rule 35 examination and deposition of Plaintiff and Mrs. Myerscough-Mueller, and for any further relief as this Court deems just and appropriate.

Dated: September 24, 2025.

Respectfully submitted,

| | |
|---|---|
| By: _Allen R. Perl_ | /s/ *Stacy A. Benjamin* |
| **One of Plaintiff, KEITH WALKER'S, Attorneys** | *Special Assistant Corporation Counsel for Daniel Mcweeny, John Halloran, Anthony* |
| Mr. Allen R. Perl | *Maslanka, William Moser, Louis Caesar,* |
| Mr. Christopher Goodsnyder | *Thomas Brankin, Robert Lane, John Smith,* |
| PERL & GOODSNYDER, LTD. | *David Golubiak, John Griffin, and John* |
| 14 North Peoria Street | *Byrne, together with Douglas Stalley as* |
| Suite 2C | *Personal Representative for the Estate of* |
| Chicago, Illinois 60607 | *Jon Burge, Susan Mccann as Special* |
| (312) 243-4500 | *Representative for the Estate of John* |
| aperl@perlandgoodsynder.com | *Mccann, Geri Lynn Yanow as Special Representative for the Estate of Nick* |
| _/s/ Daniel Noland_ | *Crescenzo and the Estate of Craig Cegielski* |

*Special Assistant Corporation Counsel for the City of Chicago and Anthony Schumann as Special Representative of Defendant Leroy Martin*

Terrence Burns
Daniel Noland
Paul Michalik
Burns Noland LLP
311 S. Wacker Dr. Suite 5200
Chicago, IL 60606
(312) 982-0090
dnoland@burnsnoland.com

*Defendants Nicholas Ford and Michelle McDowell Simmons*
By: *Michael Stephenson*

James M. Lydon
Michael C. Stephenson
Christian Michalik
Hinshaw & Culbertson, LLP
151 N. LaSalle St., Ste. 2500
Chicago, Illinois 60606
(312) 704-3000
MStephenson@hinshawlaw.com

Eileen E. Rosen
Stacy A. Benjamin
Brittany D. Johnson-Delgado
Jessica Zehner
Rock, Fusco & Connelly, LLC
333 W Wacker Drive, Floor 19
Chicago, Illinois 60606
(312) 494-1000
sbenjamin@rfclaw.com