# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
### Eastern Division

Keith Walker

    Plaintiff,

v.

Case No.: 1:21−cv−04231

Honorable Sunil R. Harjani

Administrator of the Estate of Former Chicago Police Department Commander Jon Burge, et al.

    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 14, 2025:

    MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' motion for Rule 35 examination (doc. #s [415], [417]) is granted in part. Defendants have asserted a valid basis for a Rule 35 examination for the reasons set forth in the motion. Moreover, plaintiff does not oppose the examination (doc. #[438]), but only defendants' selection of the particular examiner. The Court too is concerned about the possibility of re−traumatization during the examination, but despite the proposed examiner's lack of training in dealing with torture victims, the examiner is a clinical neuropsychologist bound by medical ethics including that the doctor must do no harm. The Court does not see plaintiff having set forth an adequate basis at law to reject Dr. Klipfel as the examiner. However, the motion is granted "in part" insofar as the Court will accommodate plaintiff's request that one of his treaters, be it LCSW Hersh or Dr. Doyle, be permitted to attend the examination to safeguard plaintiff's well−being. Further, the parties are ordered to arrange a pre−examination conference between Dr. Klipfel and plaintiff's attending treater so that the treater may understand the overall plan for the examination in advance, so it may go more smoothly, and so that Dr. Klipfel may make any necessary assurances as to the safety of the examination. Further, on closer review of the plaintiff's response filings, the Court vacates its 10/9/25 order (doc. #[439]) granting the motion to seal (doc. #[436]) those filings, as not all of these documents warrant sealing. Plaintiff may filed a renewed motion to seal by noon on 10/17/25, requesting sealing of only (1) by redaction, the diagnosis and symptom information on page 5 of the response (doc. #[438]), as the remainder of the information goes to a core aspect of the claims in the litigation, and (2) among the exhibits, only Exhibit 3 (doc. #[438]−3), as the remainder of the exhibits contain: (a) only plaintiff's treaters' regurgitation of the response's affirmative assertions opposing Dr. Klipfel as examiner (doc. #s [438]−1) and a published article about the psychological effects of torture ([438]−2). The applicable Seventh Circuit law does not permit the sealing of anything a party wants to seal or of publicly published materials. This litigation, like all litigation, plays out in the public arena. If no renewed seal motion is filed by noon on 10/17/25, the Court will direct the response materials (doc. #[438] and exhibits) to be unsealed entirely. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.