**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KEITH WALKER,
        Plaintiff,

        v.

ADMINISTRATOR OF THE ESTATE OF
FORMER CHICAGO POLICE
DEPARTMENT COMMANDER JON
BURGE, *et al.*,
        Defendants.

Case No. 21 C 4231

Judge Sunil R. Harjani

Magistrate Judge Gabriel A. Fuentes

**PLAINTIFF'S OPPOSED MOTION TO STAY PROCEEDINGS**

Plaintiff, KEITH WALKER (hereinafter, "Plaintiff"), by and through his attorneys, PERL & GOODSNYDER, LTD., files his Opposed Motion to Stay the Proceedings pending before the Magistrate Judge pending resolution of his Motion to Reconsider the Court's June 8, 2026 Ruling or, in the alternative, for Clarification and Rule 54(b) Certification before the District Judge. In support thereof, Plaintiff states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

The parties are currently engaged in the scheduling of Plaintiff's co-defendant in the underlying criminal matter, Marcus Bell's continued deposition. The parties are further awaiting a ruling from this Court as to Plaintiff's Motion for Deposition Accommodations and the parties' Joint Motion to Set a Schedule for Expert Discovery (Dkts. 536 and 555). Upon receipt of rulings on said matters, the parties anticipate the scheduling of Plaintiff's deposition and preparation of expert disclosures. Separately, Plaintiff has filed a Motion to Reconsider the Court's June 8, 2026 Ruling or, in the alternative, for Clarification and Rule 54(b) Certification before the District Judge, related to the denial of Plaintiff's request for extension of time to appoint and substitute a

special representative for the deceased defendant, Daniel McWeeny. Within their response to Plaintiff's Motion for Extension of Time, Defendants allege that they will suffer prejudice if Plaintiff's request for extension of time to appoint and substitute a special representative for the deceased defendant, Daniel McWeeny is granted, as they "relied on [the expiration of the deadline for appointing a special representative] and made strategic decisions relating to the defense of the other Defendant Officers and potential 404(b) evidence against McWeeny." (Dkt. 500 at p.9). While Plaintiff denies that Defendants have made any changes to their strategy as a result of the expiration of the 90-day window to substitute a special representative for Daniel McWeeny, to avoid Defendants' claim of prejudice should Plaintiff's Motion before the District Judge or Rule 54(b) appeal be successful, Plaintiff requests that this Court stay discovery pending the outcome of Plaintiff's Motion before the District Judge.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Mwangangi v. Nielsen*, 536 F. Supp 371, 390 (S.D. Ind. 2021), citing *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.4d 964,980 (7th Cir. 2005). A stay is appropriate when it is in the interests of judicial administration and efficiency. *Mwangangi*, 536 F.Supp. at 390.

## ARGUMENT

A stay of discovery pending resolution of Plaintiff's Motion to Reconsider the Court's June 8, 2026 Ruling or, in the alternative, for Clarification and Rule 54(b) Certification before the District Judge serves the interests of judicial administration and efficiency and is therefore appropriate. *See id*.

2

In his Motion before the District Judge, Plaintiff is requesting reconsideration of the denial of his request for an extension of time to appoint and substitute a special representative for the deceased defendant, Daniel McWeeny or, in the alternative, for certification of the issue pursuant to Federal Rule of Civil Procedure 54(b) to permit the issue to be ruled upon by the Appellate Court, either of which may result in Daniel McWeeny remaining as a defendant in this matter. Defendants have argued in opposition to the request for extension of time that they would be prejudiced if an extension were granted and McWeeny were permitted to remain as a defendant in this matter because they purportedly "relied on [the expiration of the deadline for appointing a special representative] and made strategic decisions relating to the defense of the other Defendant Officers and potential 404(b) evidence against McWeeny." (Dkt. 500 at p.9). Plaintiff denies that any changes have been made by Defendants in the way they have proceeded in this litigation as a result of the expiration of the Rule 25(a)(1) 90-day window. In fact, it is clear from the record that no changes have been made, and Defendants have failed to provide any factual support for their conclusory allegation on the matter. Nevertheless, because Defendants have made the claim, if discovery proceeds during the pendency of Plaintiff's Motion before the District Judge and Plaintiff is successful either in his request for reconsideration of the denial of an extension of time or in his appeal, there is a significant likelihood that Defendants will once again raise a claim of prejudice related to their purported change in strategy, requiring the parties to re-litigate an already resolved issue and potentially to argue that they should be allowed to re-depose the Plaintiff and/or Marcus Bell. Accordingly, it is in the interests of judicial administration and efficiency to allow the District Judge to resolve the issue of Plaintiff's Motion to Reconsider the Court's June 8, 2026 Ruling or, in the alternative, for Clarification and Rule 54(b) Certification before moving forward with the remaining discovery. *See Mwangangi*, 536 F.Supp. at 390

3

**WHEREFORE**, the Plaintiff, **KEITH WALKER**, by and through his attorneys, PERL & GOODSNYDER, LTD.**,** respectfully requests that this Honorable Court enter an Order be staying discovery pending resolution of Plaintiff's Motion to Reconsider the Court's June 8, 2026 Ruling or, in the alternative, for Clarification and Rule 54(b) Certification before the District Judge, and for such other and further relief as this Court deems just and equitable.

Dated: July 6, 2026

Respectfully submitted on behalf of the:
Plaintiff, **KEITH WALKER**,

By and through his attorneys:
PERL & GOODSNYDER, LTD.

By: *Allen R. Perl*
Mr. Allen R. Perl
One of Plaintiff's Attorneys

Mr. Allen R. Perl
Mr. Christopher M. Goodsnyder
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2C
Chicago, Illinois 60607
(312) 243-4500
aperl@perlandgoodsnyder.com
cgoodsnyder@perlandgoodsnyder.com
ARDC # 6191920
ARDC # 6216156

4

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher Goodsnyder, an attorney, certify that on July 6, 2026, I filed the foregoing Opposed Motion to Stay the Proceedings using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Christopher M. Goodsnyder
*One of Plaintiff's Attorneys*
