**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KEITH WALKER,

Plaintiff,

v.

ADMINISTRATOR OF THE ESTATE OF FORMER CHICAGO POLICE DEPARTMENT COMMANDER JON BURGE, et al.,

Defendants.

Case No. 21 CV 4231

Honorable Sunil R. Harjani

**MEMORANDUM OPINION AND ORDER**

Keith Walker asks this Court to reconsider its June 8, 2026 Order. In that Order, the Court denied Walker's motion for an extension of time to move for a special administrator to replace the deceased Defendant McWeeny. In the alternative, Walker asks this Court to enter final judgment for McWeeny under Rule 54(b) and stay the proceedings pending an appeal. Walker fails to identify any manifest errors of fact or law that would lead this Court to reconsider its prior ruling, so his motion for reconsideration is denied. The Court dismisses McWeeny and enters a Rule 54(b) judgment as to him but denies Walker's motion to stay this case.

**Background**

During the litigation, Defendant Daniel McWeeny died. Walker's counsel learned of his death in late March, 2025. [541]. Defendants filed a suggestion of death for McWeeny on April 2, 2025, which triggered a 90-day window under Rule 25(a)(1) for Plaintiff to move to substitute the proper party of a decedent. [375]. According to Walker, his counsel inadvertently overlooked that notice of death because he was busy with other matters. [556] at 3–4. Because he was purportedly unaware of the docket notification, Walker failed to move to substitute a special administrator for McWeeny within the 90 days. It was not until March 6, 2026, when counsel realized the suggestion of death was already filed. [482]. In that filing, Walker sought an extension of time to file his untimely motion to appoint a special administrator. *Id.* The Court's June 8, 2026 Order on that motion was as follows:

> Plaintiff's motion for an extension of time to file motion to appoint special administrator [482] is denied. Rule 25(a)(1) requires a motion for substitution to be filed within 90 days of the statement of death. The Court has significant discretion in granting an extension under Rule

6(b). There is no dispute that service of the notice of death was properly effectuated. The motion fails to establish good cause and excusable neglect under Rule 6. Plaintiff's counsel admits that he knew about the defendant McWeenys' death at end of March 2025. Defendants' counsel also filed a notice of death on the docket on April 2, 2025. Despite this, Plaintiff's counsel waited almost a year, until March 6, 2026, to seek an extension of time from this Court. Plaintiff's counsel only excuse is that he was busy with other matters and thus missed the ECF filing of the notice of death. But almost one year has passed, and it is inexplicable that Plaintiff failed to move for an extension either within or closer to the 90-day period, with two attorneys on the docket representing Plaintiff in this very active litigation. So, there is no good cause. For the same reason, there is no excusable neglect. *See Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003). There is no reasonable basis for Plaintiff's failure for almost a year to pay attention to this particular defendant, knowing he was deceased, and not seek substitution of the party. Defendant has also sufficiently represented that it would be prejudiced, by not taking actions during discovery that it otherwise would if the deceased defendant was still in the case, and also that the decedent's spouse has relied on the lack of substitution to find closure on this matter. Finally, Rule 25(a)(1)'s plain language also does not require that defendant identify an administrator of an estate in the notice of death, so the Court finds that Plaintiff's claim that the 90-day period has not started is meritless, and it respectfully disagrees with district court cases that claim this requirement is "implicit" in Rule 25(a)(1). Certainly, Plaintiff was free to contact Defendant's counsel to ask about the identity of the administrator, and even ask for more time from this Court to substitute if one had not yet been identified. None of this occurred in this case. The motion hearing set for 6/9/26 is stricken as unnecessary. [541].

## Discussion

Walker now moves for reconsideration of the Court's June 8, 2026 Order denying his motion for an extension of time to file a motion to appoint a special administrator. In the alternative, Walker requests that the Court dismiss McWeeny and enter final judgment as to that Defendant pursuant to Rule 54(b). He also seeks a stay of proceedings pending an appeal of McWeeny's dismissal.

### I. Motion for Reconsideration

Motions to reconsider serve a limited function. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not the "appropriate forum for rehashing previously rejected arguments." *Id.* at 1270. Instead, motions to reconsider are granted only to correct manifest errors of law or

fact, or to consider newly discovered evidence. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Such issues warranting reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Walker asks the Court to reconsider its Order denying his motion for an extension of time to substitute a special administrator for the deceased defendant. Federal Rule of Civil Procedure 25(a) governs the substitution of a party who has died. Fed. R. Civ. P. 25(a)(1). Under that Rule, parties have 90 days after service of a statement noting the death to file a motion for substitution. *Id*. If the 90-day window passes without a motion for substitution, the action against the decedent must be dismissed. *Id*. Parties may seek to extend this 90-day window under Rule 6(b). *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993).

Walker only moved to extend the 90-day period for substitution after that window had been closed for eight months. Defendants filed the suggestion of death for McWeeny on April 2, 2025. That notice triggered the 90-day period to file a motion to substitute the proper party, which then expired on July 1, 2025. Walker did not seek an extension of time before that date, or at any point near that date. Instead, he moved for an extension of time on March 6, 2026, 11 months after the notice of death was filed on the docket. Since his motion was filed after the deadline passed, the Court need only consider granting Walker's motion for an extension for good cause and if his delay was caused by excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *Russell v. City of Milwaukee*, 338 F.3d 662, 667 (7th Cir. 2003).

To assess excusable neglect, courts consider all relevant circumstances, including prejudice to the non-moving party, the length of delay, and the reason for delay. *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). But the most important factor is the movant's reason for the delay, as he must establish some good reason for missing the deadline. *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). And generally, district courts have discretion to grant or deny a party's request for an extension of time under Rule 6(b). *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593 (7th Cir. 2012).

In its June 8, 2026 Order, the Court found Walker failed to establish excusable neglect to warrant an extension of time. To support reconsideration of that Order, Walker rehashes the argument from his original motion for an extension. Walker contends that he mistakenly neglected the docket notification with the notice of death. He further avers that he had no reason to assume that Defendants would file the notice of death, despite acknowledging that he knew McWeeny had passed at that time. Accordingly, Walker claims he had no knowledge that the 90-day deadline loomed after the notice was filed. But it remains true and undisputed that Walker knew of McWeeny's death in March 2025. Defendants then filed the notice of death on April 2, 2025, and Walker's counsel received the corresponding docket notification. Counsel's only excuse for missing the notification is that he was busy and overlooked the email.

None of this amounts to excusable neglect. Counsel's failure to check his email is neglect, but it is not excusable neglect. *Thomas v. Bridgeview Bank Grp.*, 716 F. App'x 537, 538 (7th Cir. 2018) (affirming dismissal where plaintiff failed to open and read emails and thus missed the deadline to amend his complaint by over eight months). Nor is it excusable that counsel neglected to monitor the docket. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 700 (7th Cir. 2014) (counsel claimed she never received notice of court hearings and motions, but that failed to excuse her negligence in reviewing the case docket). Walker protests that this matter was particularly busy when his counsel missed the docket notification. But counsel's busy schedule is similarly no excuse. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (counsel's other active matters and obligations failed to establish excusable neglect for filing summary judgment response weeks late).

While Walker may not have realized the impending deadline to move for substitution, his counsel was aware of McWeeny's death for nearly a year before taking any action. This makes his case like *Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 332 (7th Cir. 2010). There, plaintiff sought additional time to file an amended complaint four days after the deadline passed. *Id.* at 324. To explain the delay, plaintiff claimed he needed time to review summary judgment exhibits filed earlier in the lawsuit to amend the complaint. *Id.* Further, plaintiff claimed he only learned about these particular exhibits late in the proceedings. *Id.* But the Seventh Circuit found plaintiff had no valid reason for the delay. *Id.* Plaintiff was served with the summary judgment exhibits years earlier, when they were filed with the district court. *Id.* Plaintiff only had himself to blame for any late discoveries. *Id.* Thus, the appellate court agreed plaintiff failed to demonstrate excusable neglect to overcome his untimely motion. *Id.*

Like in *Murphy*, Walker's failure to meet the deadline was his own doing. Walker knew McWeeny had passed, and that he needed to substitute the proper party for the decedent. His only reason for missing the deadline to do so was counsel's inattention to that defendant. Walker had ample opportunity to reach out to Defendants about an administrator, instead of waiting nearly a year after McWeeny passed. But Walker showed no urgency in substituting McWeeny.

Walker's role in creating the extensive delay is why his circumstances are also like those in *Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003), which the Court cited in its prior Order. In that case, the deceased plaintiff's counsel failed to substitute the proper party for the decedent despite his awareness of the trial court's deadline to do so. *Id.* at 668. Counsel's excuse for missing the deadline by six months was that he was "unintentionally derelict." *Id.* Walker's excuses are similar. He knew McWeeny had died yet took no action to discuss replacing McWeeny until nearly a year later. Though Walker unintentionally missed the suggestion of death on the docket, he still received the email notification and could access the case docket. Indeed, he has regularly accessed the docket given the numerous filings in this case, and the active discovery that has taken place. *E.g.*, [433] (extending discovery to

complete depositions of 12 witnesses and Walker's deposition and potential Rule 35 examination); [415, 417, 437, 438] (briefing on motion for Walker's Rule 35 examination); [412, 442] (briefing a motion to bifurcate Section 1983 claims). With no proper reason for ignoring the suggestion of death on the docket, Walker still fails to establish an excusable basis for his inattention to McWeeny's passing for nearly a year. Accordingly, the Court finds no manifest error of law or fact in its finding of inexcusable neglect to support a motion for reconsideration.

Though given less weight than Walker's reasons for delay, the Court also based its prior decision on the prejudice to Defendants. Defendants represented that they would suffer prejudice from granting Walker's motion for an extension to seek a special administrator so many months later. Specifically, Defendants would be prejudiced because they proceeded through discovery as though McWeeny was no longer in the case. It is correct that discovery has proceeded since McWeeny's death. Defendants made strategic decisions for the other Defendants since the window to substitute a representative for McWeeny closed. They also relied on this fact when conducting discovery to counter potential character evidence against McWeeny, under Rule 404(b). [500] at 9. The fact discovery period is nearly closed except for a few remaining depositions, [526], meaning Defendants are unable to revisit these decisions. Courts agree that parties are prejudiced when untimely information alters the completed discovery, and there is little opportunity to change course. *See, e.g.*, *Santiago v. Franklin*, 2021 WL 929100, *3 (N.D. Ill. Mar. 11, 2021) (finding party prejudiced by untimely disclosures because discovery was closed and new discovery required leave of court); *Taylor v. Cook Cnty. Sheriff's Off.*, 2018 WL 4101510, at *4 (N.D Ill. Aug 28, 2018) (prejudice resulting from late disclosure is significant because plaintiff structured his theory of the case without the information and thus lost the meaningful opportunity to explore discovery). Similarly here, Walker's untimely motion would prejudice Defendants' prior discovery decisions. Separately, Defendants claim prejudice because McWeeny's spouse had relied on the lack of substitution to find closure. The Court was well within its discretion to consider counsel's representations in its brief regarding prejudice if Walker were permitted to file his late motion. *See Holleman v. Cotton*, 301 F.3d 737, 744 (7th Cir. 2002) (noting the "presumption that attorneys make truthful representations to the court").

Walker provides no new evidence or any legal basis to suggest the Court made a manifest error in considering Defendants' representations. And, even if Defendants suffered no prejudice, that would still fail to compensate for Walker's threadbare excuses for his neglect. *Bowman*, 962 F.3d at 998. Again, the decision to grant an extension for excusable neglect under Rule 6(b) is left to the Court's discretion. *Keeton*, 667 F.3d at 883. In issuing its June 8, 2026 Order, the Court considered Walker's reasons for the delay, the length of delay, and the potential prejudice to Defendants. Weighing these factors and exercising that discretion, the Court found Walker's nearly year-long lapse in attention to McWeeny inexcusable neglect.

Walker's final argument is somewhat ironic. Even though Walker is seeking additional time to move to appoint an administrator, he contends that the 90-day window for such a motion never began, which, if true, would moot his motion. But turning to its merits, Walker argues that the suggestion of death was insufficient to trigger the 90-day period because it lacked identification of McWeeny's successor or representative. Walker correctly acknowledges there is no controlling precedent on the issue. Though he cites two district court cases that agree with his premise, at least one other district court denies that the suggestion of death must identify the decedent's successor to trigger the 90-day window. *Edwards v. Josepth*, 2007 WL 2344976, at *1 (E.D. Wis. Aug. 15, 2007).

The text of Rule 25(a)(1) supports the conclusion that identifying a successor is not required. As with any statute, courts interpret the Federal Rules of Civil Procedure by first considering their plain meaning. *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021) (interpreting the requirements of Rule 11(a) and Rule 12(b)(6)). And if the plain terms of the Rule are unambiguous, the Court ceases its interpretation. *Pavelic & LeFlore v. Marvel Ent. Grp*, 493 U.S. 120, 123 (1989). The plain text of Rule 25(a)(1) includes no such requirement. Accordingly, the Court respectfully disagrees with the district court cases that find identifying the successor is an "implicit" requirement in Rule 25(a)(1). The Rules Committees and Congress can certainly add this requirement in their annual amendments to the rule, but this Court cannot do so and is bound by the text. So, this argument too falls short of a manifest legal error that would warrant reconsideration.

In the end, Walker fails to demonstrate any manifest errors of law or fact in the Court's June 8, 2026 Order. Therefore, his motion to reconsider that Order is denied. By operation of Rule 25(a)(1), given that no timely motion to substitute was filed, Defendant McWeeny is dismissed from this case with prejudice.

## II. Motion for Rule 54(b) Judgment

In the alternative, Walker requests final judgment on this issue under Rule 54(b). In actions involving multiple claims or parties, the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But this is not an open invitation to create issues for appeal. Instead, Rule 54(b) only allows appeals for final judgments of claims that are "truly separate and distinct" from those that remain. *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Cos.*, 408 F.3d 935, 939 (7th Cir. 2005). Claims are intertwined, rather than separate, if the Court's resolution of the pending claims could "undercut" the claim on appeal. *Rankins v. Sys. Sols. of Ky., LLC*, 40 F.4th 589, 592 (7th Cir. 2022). Additionally, the court must find that there is no just reason to delay the appeal. *Id.* Taken together, these requirements avoid piecemeal appeals that undermine judicial efficiency. *Id.*

Though Defendants do not object to Walker's request for final judgment, the Court has an independent duty to scrutinize whether immediate appeal is appropriate. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Walker seeks to appeal the Court's denial of an extension of time to appoint a special administrator based on counsel's inexcusable neglect. Though Walker's claims against McWeeny overlap with those against the remaining Defendants and stem from the same series of events, the facts concerning this specific issue are separate from the case still pending before the Court.

The Seventh Circuit's recent decision in *Houston v. City of Chicago*, 2026 WL 2031938 (7th Cir. July 14, 2026) illustrates that concept. In that case, plaintiffs alleged the City and its employees violated their constitutional rights by demolishing their home. *Id.* at *1. One plaintiff passed away during the litigation, and her son sought to be the special representative of her estate and pursue her estate's claims. *Id.* The district court repeatedly told the son that he needed an attorney to represent the estate, and that without representation, the case would be dismissed for want of prosecution. *Id.* Since the estate never found attorney representation, the district court dismissed the estate's claim, and the plaintiffs appealed. *Id.* at *2. In reviewing whether the district court properly entered final judgment under Rule 54(b), the Seventh Circuit agreed that the estate's claim was truly distinct from the remaining plaintiffs' claims. *Id.* It held that "the subjects of the partial judgment on the estate's claims do not overlap with the claims ongoing in the district court" because the partial judgment only involved whether the son could represent the estate *pro se*. *Id.* The judgment on the estate's status would not be affected by continued resolution of the remaining claims before the district court. *Id.* Moreover, the appellate court made these findings even though all plaintiffs brought the same claims arising from the same facts against all defendants. *Houston v. City of Chicago*, No. 20-cv-6720, dkt. 77 (N.D. Ill. Mar. 14, 2022) (plaintiffs' third amended complaint).

Like in *Houston*, dismissing the claims against McWeeny presents a discrete legal issue that the appellate court may resolve separately from the claims against the other Defendants. A partial judgment against McWeeny only concerns whether Walker should be permitted to appoint a special administrator for the decedent despite his untimely motion. It has no bearing on the facts of the claims still pending before the Court. And the issue Walker seeks to raise on appeal will not be altered by the continued litigation against the other Defendants. No facts developed in the remaining discovery or through expert discovery can help resolve whether the claim against McWeeny was properly dismissed. Even though Walker's claims against McWeeny are intertwined with those against other police officer Defendants, this particular question involves separate facts related only to Walker's delay in moving for a special administrator.

Further, like in *Houston*, there is no just cause for delay. The parties are working to finish discovery, but additional development of the facts will not alter the judgment dismissing McWeeny. Though this may create piecemeal appeals in the

matter, no judicial administrative interest is served by the delay. Should the claims before the district court give rise to a separate appeal, the appellate court would not need to decide the same issues again. *Houston*, 2026 WL 2031938 at *3. In fact, the appellate court need not consider the merits of Walker's claims at all to address the Court's judgment as to McWeeny. This reduces any benefit from presenting all issues together once judgment is entered for all claims and Defendants.

Because the issue about McWeeny's continued presence in this case involves separate facts from the claims against other Defendants, the Court finds it appropriate to enter final judgment as to McWeeny.

## III. Motion to Stay

As a final matter, Walker moves to stay all proceedings pending his anticipated appeal. The Court has "broad discretion to stay proceedings" as part of its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In deciding whether to grant that stay, courts consider the following factors: 1) whether the stay will prejudice the non-moving party; 2) whether the stay will simplify the issues in question and streamline trial; and 3) whether a stay will reduce the burden of litigation on the parties and the court. *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). As movant, Walker bears the burden of demonstrating that a stay is warranted. *Clinton*, 520 U.S. at 708.

Addressing the factors for a stay, Defendants argue they will be prejudiced because the litigation has been pending for five years and Defendants are elderly. According to Defendants, further delay threatens Defendants' chances to testify at trial. Given that McWeeny is not the first Defendant to pass during the litigation, the Court agrees with Defendants' concern. As for the second and third factors, as discussed above, the issue Walker seeks to appeal is separate from the remaining litigation. The parties may continue through fact discovery and expert discovery pending Walker's appeal, as they have been doing since McWeeny passed over a year ago. And Walker makes no argument why McWeeny's administrator would be needed to complete discovery. Instead, Walker protests that he will be prejudiced absent a stay, speculating that Defendants may seek to re-depose Walker or other witnesses, or seek to re-open expert discovery. But Walker ignores that Defendants make no such argument should Walker be successful on appeal, and the Court can ensure that if McWeeny is reinstated into this case, those proceedings are managed efficiently. Walker's conjecture about future discovery issues is unpersuasive. Accordingly, the Court disagrees that a stay will simplify issues or reduce the burden of litigation. Finally, the Court has the responsibility to shepherd the case toward trial, and to secure the just and speedy resolution of the matter. *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852 (7th Cir. 2002). Given these factors, the Court denies Walker's motion to stay pending an appeal.

## Conclusion

For the foregoing reasons, the Court denies Walker's motion to reconsider its June 8, 2026 Order [556]. Walker presents no manifest errors of law or fact to warrant revisiting its June 8, 2026 Order. Pursuant to Rule 25(a)(1), the Court dismisses Daniel McWeeny from the case with prejudice and enters final judgment pursuant to Rule 54(b) as to McWeeny. Finally, the Court denies Walker's motion to stay proceedings pending an appeal.

**SO ORDERED.**

Dated: August 12, 2026

Sunil R. Harjani
United States District Judge